UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER LENHART, | ) | CASE NO. 1:21 CV 611 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| NATHAN SAVETSKI, et al., | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

*Pro se* Plaintiff Christopher Lenhart filed this action against Parma Police Sergeant Nathan Savetski, General Motors Corporation, OnStar Services, the United States Marshal Service, the Ohio Adult Parole Authority ("OAPA"), the Parma Police Department, OAPA Parole Officer Kimberly Cummings, and Parma Police Officer Jason Campana. In the Complaint (Doc. # 1), Plaintiff alleges he alluded police who attempted to execute a traffic stop. Law enforcement officers used OnStar technology without a warrant to track him down and arrest him. He does not specify the legal claims he is intending to bring in this action; however, his reference to a warrantless search suggests he may be attempting to assert claims under the Fourth Amendment. He seeks monetary damages, release of the OnStar audio recordings, an order prohibiting Parma police from using OnStar to find people, and an order prohibiting the OAPA from talking to United States District Judge Benita Y. Pearson.

## I. BACKGROUND

The events described in the Complaint are disjointed and difficult to follow. For the sole purpose of allowing the Court to comprehend Plaintiff's narrative, the Court refers to the opinion of Judge Pearson on Plaintiff's Motion to Suppress filed in the criminal action that arose from the incidents described in this case. *See United States v. Lenhart*, Case No. 1:19 cr 673 (N.D. Ohio Order filed Dec. 22, 2020)(Doc. #54).

Plaintiff indicates that on May 19, 2019, Parma Police Officer Campana tried to initiate a traffic stop of a vehicle Plaintiff was driving. He, however, did not stop and instead led police on a high speed car chase with his girlfriend's minor child in the car. At the time of the attempted traffic stop, Plaintiff had an active parole violator warrant for his arrest because he had removed his electronic monitoring device, leaving his whereabouts unknown to the OAPA. After he eluded police on May 19, 2019, the Parma Municipal Court added a warrant for his arrest for failure to comply with the signal of a police officer and child endangerment.

On May 24, 2019, the United States Marshal's Service (USMS) Northern Ohio Violent Fugitive Task Force (NOVFTF), was asked to apprehend Plaintiff. Savetski is a sergeant in the Parma Police Department who was assigned to the NOVFTF. Parma Police had reason to believe Plaintiff was driving his girlfriend's Chevrolet Tahoe as the Parma Police Department had received three 911 calls indicating Plaintiff had taken the car without permission.

The NOVFTF mobilized to apprehend Plaintiff of May 30, 2019. They began by contacting individuals who may have known Plaintiff's location. In the course of those discussions, Savetski learned information that made him believe Plaintiff may be holding Plaintiff's girlfriend against her will. Without taking time to obtain a warrant, Savetski

confirmed that the Tahoe belonged to Plaintiff's girlfriend and instructed Parma Police Dispatch to contact OnStar and obtain the location of the vehicle. Dispatch also asked OnStar to disable the car once it was located. OnStar reported the location of the vehicle and Officers surrounded the house where the Tahoe was found. Eventually Plaintiff surrendered to law enforcement. The officers searched the premises and found a firearm and ammunition. Plaintiff was charged in federal court with possession of a firearm under disability. Those charges are still pending before Judge Pearson. He was also prosecuted in state court on the outstanding warrants.

Plaintiff filed a Motion to Suppress in his federal criminal case arguing that he was tracked electronically through OnStar without a warrant. He claimed the search was illegal and the firearm and ammunition were fruit of the poisonous tree. Although Judge Pearson expressed concern over the warrantless search, she determined that he was subject to electronic monitoring of his location as a condition of his post release control and therefore he did not have a reasonable expectation of privacy in his location. *See United States v. Lenhart*, No. 1:19 cr 673 (N.D. Ohio Order filed Dec. 22, 2020)(Doc. #54).

Plaintiff does not clearly state the claims he intends to assert in this action. He contends Savetski filed a report but concealed that he had used OnStar to intercept his location and his communications. He indicates Savetski participated in getting the vehicle's location through OnStar without a warrant. The Court liberally construes this claim as arising under the Fourth Amendment. He also claims that OnStar did not preserve audio recordings of his conversations or any indications that the information was being provided to law enforcement. He alleges that neither OnStar nor General Motors Corporation disclosed that OnStar could be used by law enforcement. He does not indicate the claim or claims he wishes to asserted against OnStar or

General Motors Corporation. He states Cummings detained him as a post release control violator and had ex parte communications with Judge Pearson regarding his criminal case. He alleges Campana attempted to initiate a traffic stop. He against does not indicate which of his rights he believe were violated by the actions of these Defendants.

## II. STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action

will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

### III. ANALYSIS

As an initial matter, this appears to be a civil rights action as the Court can find no other possible claims on the face of the Complaint. Civil rights claims asserted against state and local government actors would arise, if at all, under 42 U.S.C. § 1983. The claims asserted against the federal government Defendants would arise, if at all, in a *Bivens*[1] action. General Motors Corporation and OnStar Services are private organizations, not federal or state government agencies. Plaintiff does not allege sufficient information to suggest that they could be considered to be state or federal actors for purposes of a civil rights action. Claims cannot be asserted against them under § 1983 or *Bivens*. They are dismissed from this action.

The OAPA is a state agency. The Eleventh Amendment is an absolute bar to the imposition of liability upon States and State agencies. *Latham v. Office of Atty. Gen. of State of Ohio*, 395 F.3d 261, 270 (6th Cir. 2005); *Bouquett v. Clemmer*, 626 F. Supp. 46, 48 (S.D. Ohio 1985). A State may not be sued in federal court unless it has consented to such a suit or its Eleventh Amendment immunity has been properly abrogated by Congress. Neither of these situations applies here. The OAPA is absolutely immune from suits for damages.

In addition, the Parma Police Department is not *sui juris,* meaning that it is not a legal entity created under Ohio law that is capable of suing or being sued. *See Carmichael v. City of*

---

[1] *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971).

*Cleveland*, 571 F. App'x 426, 435 (6th Cir. 2014)(finding that "under Ohio law, a county sheriff's office is not a legal entity that is capable of being sued"). It is merely a subunit of the City of Parma.

Even if the Court construes this claim as asserted against the City of Parma, Plaintiff fails to state a claim upon which relief may be granted. As a rule, local governments may not be sued under 42 U.S.C. § 1983 for an injury inflicted solely by employees or agents under a *respondeat superior* theory of liability. *See Monell v. Department of Soc. Servs.*, 436 U.S. 658, 691(1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* at 694. A municipality can therefore be held liable when it unconstitutionally "implements or executes a policy statement, ordinance, regulation, or decision officially adopted by that body's officers." *Id.* at 690; *DePiero v. City of Macedonia*, 180 F.3d 770, 786 (6th Cir. 1999). The Complaint contains no suggestion of a custom or policy of the City of Parma which may have resulted in the deprivation of Plaintiff's constitutional rights.

The United States Marshal Service is a federal government agency. Claims under 42 U.S.C. § 1983 apply only to state and local government actors. It does not provide a cause of action against federal government officials or entities. *Bivens* provides a limited cause of action against individual federal government officers acting under color of federal law alleged to have acted unconstitutionally. *Correctional Services Corporation v. Malesko*, 534 U.S. 61, 70 (2001). *Bivens*'s purpose is to deter individual federal officers, not agencies, from committing certain constitutional violations. A *Bivens* action therefore cannot be brought against an entity such as

the United States Government or the United States Marshal Service. *Id.*

Plaintiff does not assert a discernable claim against either Officer Campana or Parole Officer Cummings. He alleges Officer Campana attempted to execute a traffic stop of the vehicle Plaintiff was driving but Plaintiff did not comply and instead led police on a high speed chase. He alleges Cummings charged him with being a post release control violator, and communicated with Judge Pearson. He does not indicate which rights he believes the Defendants violated. To meet basic notice pleading requirements, the Complaint must give the Defendants fair notice of what the Plaintiff's claims are and the grounds upon which they rest. *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). Plaintiff does not adequately identify the legal claim or claims he intends to pursue against these Defendants.

Finally, Plaintiff appears to be asserting that Savetski violated his Fourth Amendment rights by failing to obtain a warrant before asking OnStar to track the location of his girlfriend's vehicle. This claim, however, has already been litigated by Judge Pearson in his criminal case. Under the doctrine of collateral estoppel, once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving any party to the prior litigation. *See Montana v. United States*, 440 U.S. 147, 153-54 (1979). Plaintiff raised his Fourth Amendment claim in his Motion to Suppress. Judge Pearson ruled on that claim and held that he did not have a reasonable expectation of privacy in his location given that he agreed to electronic location monitoring as a condition of his release. He cannot relitigate that issue in this case for damages.

### IV. CONCLUSION

Accordingly, this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

**IT IS SO ORDERED**.

/s/Dan Aaron Polster 6/11/21
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**

---

[2]  28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.